## EDWARD POLK v. JOHN WILSON.

Court of Common Pleas. Sussex. April, 1798.

*Wilson's Red Book, 196.*

*Ridgely* and *Wilson* for defendant, and *Peery* and *Miller* for plaintiff.

Plaintiff's counsel offered a warrant, return, and inquisition of forcible entry and detainer in evidence, and a memorandum by Joshua Polk, one of the Justices named in those proceedings, that he gave full possession to this plaintiff against defendant's father, who was defendant in those proceedings.

*Ridgely.* There is return of summons in these proceedings. There was no appearance, no confession, no conviction nor judgment, the proceedings were *ex parte* and are inadmissible. Besides, the general rule that criminal proceedings are not evidence in civil applies in this case.

*Peery.* It is [in] no case of forcible entry and detainer necessary to summon the defendant. None of the statutes direct any such thing nor has it been the practice in any instance to do it. By statute, 8 Hen. VI, s. 10, where force is found upon view, or where the offenders have departed, the justices or justice shall cause to reseize the lands etc., and put the party in full possession; we offer this paper to prove plaintiff's possession, which the justice had a right to give, and that without summoning or judgment.

BASSETT, C. J., read 2 Esp.N.P. 736, 737. A verdict on an indictment is not evidence in a civil suit.

*Peery.* This law applies where it is given in evidence in establishment of the same point. Certainly a record of a conviction is good evidence in objection to a witness. Certainly a writ of restitution and the record of forcible entry and detainer would be good evidence to justify the sheriff if sued for a trespass in giving the possession.

*Wilson.* The rule laid down in 2 Esp.N.P. 736, 737, which was cited by the Court, is that no verdict shall be given in evidence but between the same parties or their privies, and that, therefore, in

conformity to this rule, an indictment being at the suit of the king is not evidence in a civil suit. Yet an inquisition *post mortem* has been given in evidence, 1 Str. 308, but in Str. 68 it said to be because of its antiquity, or to prove pedigree, or because in the nature of a civil proceeding. So a coroner's inquest was read in 1 Str. 68, but it was by consent, for the court were divided. In 1 Morg.Ess. 94, 95, this subject is considered, and his conclusion is, as well as Espinasse's in the page cited, that the rule is correct and excludes indictments as evidence in civil cases.

Although none of the statutes of forcible entry expressly require a notice or summons to defendant, yet by 31 Eliz. c. 11, 1 Hawk.P.C. 278, no restitution can be awarded if the party has had three years possession, which he may allege for stay of restitution, and the prosecutor traverse. This provision would be defeated unless the defendant has notice of the finding. It was made to remedy the inconveniences of *ex parte* proceedings under the former statutes, and is designed to protect a three years' possession, and cannot have the effect without notice, and in 1 Hawk.P.C. 291 it is said to be consonant to natural justice also that restitution should not be awarded in the party's absence without calling him to answer for himself. This being an *ex parte* proceeding contrary to law, it is also not admissible on this ground.

*Ridgely.* These proceedings are irregular and unfinished, and it is a valid objection to their admissibility that there is no judgment. It is necessary that a judgment should follow every accusation before the infliction of a punishment. In 1 Hawk.P.C. 291 it is said there must be an award of restitution, which is either in itself a judgment or implies a judgment before it. In page 288, it shall be awarded only to him who has been put out of an actual, not a legal, possession, and, in page 286, no indictment will warrant the award of restitution unless it find that the wrongdoer both ousted the party grieved and also continued his possession at the time of finding the indictment; from whence it evidently appears that a judgment is rendered in favor of the party grieved [in some cases,] and in some not, and on [some] findings he shall obtain his possession, on others not. In some cases under those statutes the defendant is to be fined and imprisoned, and this cannot be done by judgment and that in the presence of the party. *Vide* Cro.Eliz. 915, 916.

JOHNS, J., doubted whether the award of restitution was a judgment.

BASSETT, C. J., thought the award itself was the judgment.

PER CURIAM. BASSETT, C. J.   We are led to take up the subject thus upon every indictment of forcible entry and detainer. The indictment may be found on the oath of the party himself; if we were to admit this proceeding in evidence, we should militate against the rule that the party shall not be a witness in his own cause.   This, it is said, is to prove possession in the party; it would evidently, therefore, in this case violate that rule.   I cannot help saying I think a proceeding under the statutes of forcible entry and detainer (when we consider the manner in which such proceeding is usually had in the country) is a strange mode of establishing possession.

The plaintiff's counsel, after examining two or three witnesses and finding they could not establish plaintiff's possession, confessed to the jury they could not support their cause, whereupon a verdict was given and recorded for defendant.